IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAVANNA SPENCER,<br><br>Plaintiff,<br>v.<br><br>LANCE COURTIER, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:09-cv-124-SJM-SPB |

**MEMORANDUM ORDER**

Plaintiff's civil rights complaint was received by the Clerk of Court on June 1, 2009 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's report and recommendation, filed on February 15, 2010 [32], recommends that the DOC Defendants' motion to dismiss [5] and Defendant Polmeuller's[1] motion to dismiss or, in the alternative, for summary judgment [27] be granted in part and denied in part. Specifically, the Magistrate Judge recommends that the DOC Defendants' motion to dismiss [5] be granted as follows:

a. All claims against SCI-Albion Defendants should be dismissed as untimely, and Defendants Brooks, Wilkes, Bryant, Giddens, Aubel, McKissock, and Suesser should be dismissed from this case;

b. Any claim related to or arising from the discontinuation of Plaintiff's psychotropic medications in April and October 2006 should be dismissed as untimely; and

c. Any claim against Defendant Maue related to or arising from his alleged failure to provide a psychiatric evaluation and medication

[1] In the complaint, Defendant Polmueller is inaccurately identified as Eugene "Pullmuller").

> during Plaintiff's hunger strike from January 2007 to March 2007 should be dismissed as untimely.
>
> The remainder of the DOC Defendants' motion to dismiss should be denied.

(Magistrate Judge's Report and Recommendation [32] at p. 26.)

With regard to Defendant Polmueller's motion to dismiss or in the alternative for summary judgment [27], the Magistrate Judge recommended that the motion be granted in part, *to wit*:

   a.   Any claim against Defendant Polmueller related to or arising from his alleged failure to provide a psychiatric evaluation and medication during Plaintiff's hunger strike from January 2007 to March 2007 should be dismissed as untimely;

   b.   Plaintiff's Eighth Amendment claim related to Defendant Polmueller's alleged failure to keep his psychiatric assessments confidential should be denied under the doctrine of collateral estoppel;

   The remainder of Defendant Polmueller's motion should be denied.

(Report and Recommendation [32] at pp. 26-27.)

The parties were allowed ten (10) days from the date of service in which to file objections. Plaintiff filed partial objections to the Report and Recommendation [33] on March 1, 2010. Defendants have file no objections.

Plaintiff was incarcerated at SCI-Albion from July 15, 2003 to January 11, 2006, when he was transferred to SCI-Camp Hill and immediately placed in the Special Management Unit ("SMU") there. He remained in the SMU from January 11, 2006 until June 8, 2007 when he was transferred to SCI-Fayette. Named as Defendants in this lawsuit are numerous DOC officials, including various DOC personnel employed at SCI-

Albion and SCI-Camp Hill.

Among other things, Plaintiff asserts a violation of his Eighth Amendment rights based on the theory that the conditions of his confinement in the SCI Camp-Hill SMU constituted cruel and unusual punishment in light of his mental illness. Although the DOC Defendants moved to dismiss this claim to the extent the underlying events occurred outside of the applicable limitations period, Plaintiff argued – and the Magistrate Judge agreed – that his "conditions-of-confinement claim" is of a continuing nature and encompasses the entire period that he was in the SMU. Thus, the Magistrate Judge ruled that the Plaintiff's conditions-of-confinement claim against the non-SCI-Albion Defendants was timely and could proceed. This Court agrees with that determination.

However, Plaintiff takes issue with the Magistrate Judge's recommendation to dismiss all claims against the SCI-Albion Defendants and thereby release Defendants Brooks, Wilkes, Bryant, Giddens, Aubel, McKissock, and Suesser from any liability in this case. It appears that the Magistrate Judge viewed Plaintiff's claims against these SCI-Albion Defendants as untimely, given that Plaintiff was transferred from SCI-Albion to SCI-Camp Hill on January 11, 2006, well outside of the limitations period.

As I understand the Plaintiff's complaint and objections, he is alleging that these SCI-Albion Defendants were responsible, along with others, for arranging Plaintiff's placement in the SMU at SCI-Camp Hill, despite their awareness that such placement violated DOC policy and was inappropriate in light of the Plaintiff's serious mental illness. Plaintiff contends that his claims against these Defendants should be considered part of the alleged continuing violation and, therefore, timely.

I agree. To the extent Plaintiff is claiming that the named SCI-Albion Defendants subjected him to cruel and unusual punishment by arranging for, or otherwise being complicit in, his transfer to the SMU at Camp Hill, I conclude that the alleged conduct partakes of a continuing violation and that the claim is therefore timely.[2] Such a claim could only have accrued once the alleged cruel and unusual punishment itself came to pass. As the Magistrate Judge previously observed, the alleged cruel and unusual punishment (*i.e.*, the allegedly harsh, if not appalling, conditions of the SMU) was of a cumulative and continuing nature. Accordingly, I will deny the DOC Defendants' motion to dismiss the complaint insofar as it relates to Plaintiff's Eighth Amendment "conditions-of-confinement claim" against the SCI-Albion Defendants.

With respect to Defendant Polmueller's motion [27], the Plaintiff objects to the Magistrate Judge's recommendation that "Plaintiff's Eighth Amendment claim related to Defendant Polmueller's alleged failure to keep his psychiatric assessments confidential should be denied under the doctrine of collateral estoppel." (Report and Recommendation [32] at p. 27.) The Magistrate Judge based this recommendation upon a summary judgment ruling that was issued by the U.S. District Court for the Middle District of Pennsylvania in *Spencer v. Kelchner, et al.*, Civil Action No. 3:CV-06-1099 (M.D. Pa.) (*See* Order of Judgment dated May 1, 2009 [159]).

However, as Plaintiff points out in his objections, this ruling was summarily vacated by the Third Circuit Court of Appeals on November 10, 2009, and the matter

[2] In reviewing a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the Plaintiff's well-pleaded averments and any reasonable inferences arising therefrom. *Erickson v. Pardus*, 551 U.S. 89, 95 (2007). The Court expresses no opinion as to the ultimate merits of Plaintiff's claim.

was remanded back to the District Court for further proceedings. *See Spencer v. Beard*, No. 09-2692 (3d Cir. November 10, 2009). Accordingly, I agree with the Plaintiff that the summary judgment rulings relied upon by Defendant Polmueller cannot be given preclusive effect, and the Eighth Amendment claim against him premised upon his alleged failure to keep his psychiatric assessments confidential should presently be allowed to proceed. In all other respects, however, I will adopt the Report and Recommendations entered by the Magistrate Judge.

Accordingly, after de novo review of the Complaint and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 18th day of March, 2010;

IT IS ORDERED that the DOC Defendants' Motion to Dismiss [5] be, and hereby is, GRANTED in part and DISMISSED in part as follows:

1. Said motion is GRANTED with respect to Plaintiff's claims insofar as they are related to or arise from the discontinuation of his psychotropic medications in April and October of 2006;

2. Said motion is also GRANTED with respect to Plaintiff's claims against Defendant Maue to the extent such claims are related to or arise from his alleged failure to provide a psychiatric evaluation and medication during Plaintiff's hunger strike from January 2007 to March 2007; and

3. Said motion is DENIED in all other respects.

IT IS FURTHER ORDERED that the Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendant Eugene Pollmueller, M.D. [27] be, and hereby is, GRANTED in part and DENIED in part as follows:

1. Said motion is GRANTED with respect to Plaintiff's claims against Defendant Polmueller insofar as they are related to or arise from his alleged failure to provide a psychiatric evaluation and medication during Plaintiff's hunger strike from January 2007 to March 2007; and

2. Said motion is DENIED in all other respects.

The report and recommendation of Magistrate Judge Baxter dated February 15, 2010 [32] is adopted as the opinion of this Court to the extent set forth herein.

s/ Sean J. McLaughlin
SEAN J. McLAUGHLIN
United States District Judge

cm: all parties of record
U.S. Magistrate Judge Susan Paradise Baxter